IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ANDRE EVANS**, | * |
| *Plaintiff*, | * |
| v. | *   Civil Case No. 1:23-cv-02054-JMC |
| **RESURGENT CAPITAL SERVICES**, | * |
| *Defendant*. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Andre Evans, proceeding *pro se*, filed the present lawsuit on July 31, 2023, against Defendant Resurgent Capital Services. (ECF No. 1). Plaintiff's Complaint alleges that Defendant violated 15 U.S.C. § 1692c(c) by failing to cease collection efforts in violation thereof. *Id.* Defendant was served with Plaintiff's Complaint on August 28, 2023, making Defendant's responsive pleading due by September 18, 2023. *See* (ECF No. 6); Fed. R. Civ. P. 12. Defendant filed its Answer to Plaintiff's Complaint on September 20, 2023—two days after the deadline required by Fed. R. Civ. P. 12—and asserted two affirmative defenses therein. (ECF No. 8 at p. 3).[1] Defendant then filed an Amended Answer to Plaintiff's Complaint on October 6, 2023, in which Defendant retracted the affirmative defenses raised in its initial Answer. (ECF No. 18). Pending before the Court is Plaintiff's Motion for Clerk's Entry of Default for want of answer or other defense (ECF No. 13) and Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 14). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

that follow, Plaintiff's Motion for Clerk's Entry of Default is **DENIED** and Plaintiff's Motion to Strike Affirmative Defenses is **DENIED** as moot.

**I.      Plaintiff's Motion for Entry of Default.**

Fed. R. Civ. P. 12 provides that, unless a defendant has timely waived service under Fed. R. Civ. P. 4(d), a defendant must serve an answer or other responsive pleading "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i)–(ii).[2] Here, Defendant's initial Answer was filed on September 20, 2023, which is twenty-three (23) days from the date that Defendant was served with Plaintiff's Complaint and thus untimely. However, the Fourth Circuit has emphasized that, "as a matter of general policy, 'default should be avoided and that claims and defenses be disposed of on their merits.'" *Francis v. Fleegle*, No. CV ELH-21-1365, 2021 WL 5742237, at *2 (D. Md. Dec. 2, 2021) (quoting *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)). As such, this Court has routinely held that filing responsive pleadings slightly after the responsive pleading deadline does not warrant entry of default. *See Francis*, 2021 WL 5742237 at *2 (finding entry of default improper where defendant submitted responsive pleading "two days after the deadline"); *Dow v. Jones*, 232 F. Supp. 2d 491, 494–95 (D. Md. 2002) (denying motion for entry of default where responsive pleading was untimely by three days); *Ming as Next Friend of Ming v. Archbishop Spaulding High Sch.*, No. GJH-22-1624, 2023 WL 1108018, at *2 (D. Md. Jan. 27, 2023) (denying motion for entry of default where responsive pleading was untimely by ten days); *United States v. Mraz*, 274 F. Supp. 2d 750, 756 (D. Md. 2003) (denying motion for entry of default where responsive pleading was untimely by twenty-one days); *cf. First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 86–87 (D.D.C. 1981) (denying motion for entry of default where responsive pleading

---

[2] There is no indication in the record that Defendant waived service under Rule 4(d), so the Court analyzes the Motion exclusively under the requirements set forth by Rule 12(a)(1)(A)(i).

was untimely by nearly a month); *Shipp v. Goldade*, No. 519CV00085KDBDCK, 2019 WL 13225873, at *1 (W.D.N.C. Sept. 9, 2019) (denying motion for entry of default where responsive pleading was filed approximately one week late). Similar to *Francis* and less severe than the tardiness accepted by this Court and others as noted above, Defendant's Answer was filed a mere two days late, and Plaintiff does not argue that this two-day delay caused any undue prejudice. *See Francis*, 2021 WL 5742237 at *2 (noting that plaintiff had not "alleged any prejudice in his Request for Default" before denying it). Accordingly, the Court finds that no prejudice will result from accepting Defendant's tardy filing and Plaintiff's Motion for Entry of Default is therefore **DENIED**.

## II.     Plaintiff's Motion to Strike Affirmative Defenses.

In its initial Answer, Defendant raised two affirmative defenses in response to Plaintiff's Complaint: (1) that any legal violation allegedly committed by Defendant "resulted from a bona fide error notwithstanding [Defendant's] maintenance of procedures reasonably adapted to avoid any such error"; and (2) that Plaintiff failed to mitigate his damages. (ECF No. 8 at p. 3). Plaintiff then filed a Motion to Strike those affirmative defenses on the ground that they did not comply with the pleading standards set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (ECF No. 14). Defendant did not oppose Plaintiff's Motion to Strike; rather, Plaintiff submitted an Amended Answer that no longer asserts the affirmative defenses that Plaintiff took issue with. (ECF No. 18). Defendant filed its Amended Answer on October 6, 2023, sixteen days after its initial Answer. Defendant's Amended Answer is therefore timely as a matter of right pursuant to Fed. R. Civ. P. 15, and Plaintiff's Motion to Strike is deemed moot since the timely Amended Answer no longer contains the allegedly problematic affirmative defenses. *See* Fed. R. Civ. P. 15(a)(1) ("A party

may amend its pleading once as a matter of course no later than: (A) 21 days after serving it . . . ."). Accordingly, Plaintiff's Motion to Strike Affirmative Defenses is also **DENIED**.

For the foregoing reasons, it is this <u>11th</u> day of <u>October 2023</u> hereby **ORDERED** that Plaintiff's Motion for Clerk's Entry of Default (ECF No. 13) and Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 14) are **DENIED**.

Dated: October 11, 2023                                 /s/
                                                                          J. Mark Coulson
                                                                          United States Magistrate Judge