**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ANDRE EVANS**, | * | |
| *Plaintiff*, | * | |
| v. | * | **Civil Case No. 1:23-cv-02054-JMC** |
| **RESURGENT CAPITAL SERVICES,** | * | |
| *Defendant*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andre Evans, proceeding *pro se*, filed the present lawsuit on July 31, 2023, against Defendant Resurgent Capital Services. (ECF No. 1). Plaintiff's Complaint alleges that Defendant violated 15 U.S.C. § 1692c(c) by failing to cease collection efforts regarding debt(s) allegedly owed by Plaintiff. *Id.* Discovery in this case concluded on February 19, 2024, and presently before the Court is Defendant's Motion for Summary Judgment. (ECF No. 29). The Court has additionally considered Plaintiff's opposition. (ECF No. 32). Defendant did not submit a reply and the time to do so has now passed. *See* Loc. R. 105.2 (D. Md. 2023). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's motion will be granted.

**I.      BACKGROUND**

Plaintiff is an individual consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3) ("FDCPA"), who received communications from Defendant, a debt collection agency, regarding two allegedly outstanding accounts with third-party organizations: (1) an account with QVC, Inc. through which Plaintiff allegedly owed $852.45 ("QVC Account"); and (2) an account with Credit One Bank, N.A., through which Plaintiff allegedly owed $581.37

("Credit One Account").  (ECF No. 29-1 at 1).[1]  Plaintiff's account with QVC, Inc. has an original account number ending in "4026" and Defendant's internal account number regarding Plaintiff's alleged debt to QVC, Inc. ends in "4450."  (ECF No. 29-2 at 5).  Plaintiff's account with Credit One Bank, N.A. has an original account number ending in "1260" and Defendant's internal account number regarding Plaintiff's alleged debt to Credit One Bank, N.A. ends in "7888."  *Id.* at 9.  Defendant began sending text and/or email messages to Plaintiff as early as January 31, 2023, regarding the QVC Account for the purpose of collecting the QVC Account debt.  *Id.* at 5.  According to the evidence submitted by the parties, the last communication sent to Plaintiff regarding the QVC Account was on June 28, 2023.  *Id.*  Plaintiff responded to that communication on June 29, 2023, by stating, "I refuse to pay the debt."  *Id.* at 7; ECF No. 32 at 2.  There is no further evidence before the Court indicating that Defendant sent any further communications to Plaintiff regarding the QVC Account.  However, Defendant began communicating with Plaintiff as early as July 4, 2023, regarding the Credit One Account seeking to collect Plaintiff's allegedly outstanding debt to Credit One Bank, N.A.  (ECF No. 29-2 at 9).  Plaintiff believes this conduct to be in violation of 15 U.S.C. § 1692c(c) and accordingly filed the present lawsuit.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A dispute as to a material fact "is genuine if the evidence is such

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.  To be clear, Plaintiff's Complaint does not provide background information regarding the third-party accounts or the amounts allegedly owed thereunder.  *See generally* (ECF No. 1).  However, Defendant provides this background in its motion, which Plaintiff does not refute or otherwise contest.  The Court therefore deems these background facts to be undisputed.  *See* Fed. R. Civ. P. 56(e)(2).

that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

Plaintiff's "*pro se* status does not alleviate [his] burden to provide the facts necessary to demonstrate that a genuine issue of material fact remains for trial." *Jahn v. Tiffin Holdings, Inc.*, No. SAG-18-1782, 2020 WL 4559927, at *2 (D. Md. May 13, 2020). "Although *pro se* pleadings are 'held to less stringent standards than formal pleadings drafted by lawyers,' they 'must still set forth facts sufficient to withstand summary judgment.'" *Simmons v. Standard Fire Ins. Co.*, No. PJM-08-1844, 2010 WL 1881843, at *3 (D. Md. May 7, 2010) (quoting *Symeonidis v. Paxton Capital Grp., Inc.*, 220 F. Supp. 2d 478, 480 n.4 (D. Md. 2002)).

3

## III.     ANALYSIS

Plaintiff's sole cause of action in this case is grounded on Defendant's alleged violation of 15 U.S.C. § 1692c(c). According to 15 U.S.C. § 1692c(c):

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communications with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specific remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

Neither Plaintiff nor Defendant contend that Plaintiff is not a consumer as defined by the FDCPA or that Defendant is not a debt collector thereunder. *See* 15 U.S.C. §§ 1692a(3), (6) (defining "consumer" and "debt collector"). Rather, Defendant maintains that it is entitled to summary judgment because the July 4, 2023, communication related to the Credit One Account rather than the QVC Account, and therefore Defendant did, in fact, cease communications with Plaintiff regarding the QVC Account as required by 15 U.S.C. § 1692c(c).

Defendant is correct. Federal district courts analyzing this issue have previously held that a debt collector's efforts to collect a debt separate from one which an individual refuses to pay (or directs a debt collector to cease collection efforts regarding) does not constitute a violation of 15 U.S.C. § 1692c(c). In other words, 15 U.S.C. § 1692c(c) applies on a debt-by-debt basis. *See, e.g.*, *Huber v. Simon's Agency, Inc.*, No. CV 2:19-01424, 2021 WL 5356772, at *8 (E.D. Pa. Nov. 17, 2021) (granting summary judgment where allegedly unlawful communication subsequent to a

cease and desist communication was "only in reference" to another debt rather than the debt which was the subject of the cease and desist communication); *Bishop v. I.C. Sys., Inc.*, 713 F. Supp. 2d 1361, 1366 (M.D. Fla. 2010) ("Even after a debt collector receives a consumer's cease and desist letter, the FDCPA allows the debt collector to contact the consumer about *other* debts or *future* debts.") (emphasis in original); *Wise v. Credit Control Servs., Inc.*, No. 16 C 8128, 2018 WL 5112983, at *5–6 (N.D. Ill. Oct. 19, 2018) (finding that defendant was not required to cease collection efforts regarding a debt which was not the specific subject of debtor's refusal to pay); *Jones v. Nationwide Recovery Serv., Inc.*, No. 122CV01347LMMLTW, 2023 WL 3628305, at *3 (N.D. Ga. Mar. 13, 2023), *report and recommendation adopted*, No. 1:22-CV-01347-LMM, 2023 WL 9051449 (N.D. Ga. Apr. 28, 2023) ("As discussed above, [15 U.S.C. § 1692c(c)] means the debt collector must cease communicating with the consumer about the specific account at issue.") (internal quotation omitted); *Udell v. Kan. Couns., Inc.*, 313 F. Supp. 2d 1135, 1140 (D. Kan. 2004) ("The statute similarly refers to ceasing *further* communications with the consumer. Again, this indicates that the debt collector can only be directed to cease communications with respect to a debt about which the debt collector has already communicated with the consumer. The statute prohibits the debt collector from communicating further with the consumer only 'with respect to *such* debt,' and thus is limited in scope to debt that the consumer has refused to pay or to debt with respect to which the debt collector has already communicated with the consumer.") (emphasis in original) (quoting 15 U.S.C. § 1692c(c)); *Crenshaw v. Computex Info. Servs., Inc.*, No. 10-1493, 2011 WL 1640175, at *10 (D.N.J. Apr. 30, 2011) (granting judgment as a matter of law for defendant debt collector on § 1692c(c) claim that collector's letter about unpaid rent for a subsequent month was improper after plaintiff sent cease and desist letter regarding a prior month's unpaid rent). This conclusion is further supported by the plain language of the statutory text, as

15 U.S.C. § 1692c(c) prohibits debt collectors from—after receiving notice that a debtor refuses to pay or demands to cease being contacted regarding a debt— "communicat[ing] further with the consumer *with respect to such debt*." (emphasis added).

Here, the evidence submitted in connection with Defendant's motion demonstrates that summary judgment is proper. Defendant provides metadata for the communications sent to Plaintiff regarding both accounts. Specifically, the metadata highlights that Defendant sent no further communication(s) to Plaintiff regarding his QVC Account after June 28, 2023 (presumably because of Plaintiff's refusal to pay the debt the following day). (ECF No. 29-2 at 5). The metadata further shows that the July 4, 2023, communication—the subject of Plaintiff's lawsuit—was sent in regard to Plaintiff's Credit One Account. *Id.* at 9. Lacey Pearce, one of Defendant's litigation paralegals, swore the same to be true under penalty of perjury in her written Declaration. *Id.* at 2–3.

> Plaintiff rebuts that:
>
> Resurgent's claim that the communications pertained to different debts is categorically refuted by the evidence, which clearly shows all communications related to the same account.
>
> Resurgent's assertion of compliance with the FDCPA is demonstrably incorrect. The statute explicitly prohibits the actions undertaken by Resurgent, as evidenced by the clear language of § 1692c(c) and supported by relevant case law.
>
> Furter evidence of Resurgent's violations, including additional communications and documentation of the debt in question, is provided.

(ECF No. 32 at 2). The Court finds Plaintiff's arguments unpersuasive. Plaintiff's first two assertions are both conclusory and, for the reasons explained above, directly contradicted by the only evidence presented to the Court in connection with Defendant's motion. *Jahn*, 2020 WL 4559927, at *2; *Simmons*, 2010 WL 1881843, at *3. Plaintiff's third assertion is likewise unconvincing because Plaintiff submitted no additional documentation in support of his claim

6

under 15 U.S.C. § 1692c(c), either initially in connection with his Complaint or subsequently in connection with his opposition to Defendant's motion.[2] Accordingly, based on the evidence contained in the record and in connection with Defendant's motion, there is no genuine dispute of material fact that Defendant's July 4, 2023, communication to Plaintiff did not violate the FDCPA because it regarded a debt for which Plaintiff has provided no evidence indicating that he either refused to pay such a debt or demanded that Defendant cease contacting him regarding the same.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 29) is GRANTED and the Clerk of the Court is asked to close this case.

Dated: April 10, 2024                                     /s/
                                                J. Mark Coulson
                                                United States Magistrate Judge

---

[2] The Court's electronic filing system specifically noted on March 22, 2024, that no exhibits were submitted in connection with Plaintiff's opposition.